THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES R. HAJOSTEK, Defendant-Appellant.

Third District    No. 76-137

Opinion filed June 10, 1977.

James Geis and Richard Geddes, both of State Appellate Defender's Office, of Chicago, and Richard Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

John D. Sloan, State's Attorney, of Aledo (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant James R. Hajostek appeals from convictions, of misdemeanor theft and official misconduct, by the Circuit Court of Mercer County in a bench trial. Defendant was sentenced to concurrent terms of probation of five years for official misconduct and two years for misdemeanor theft, with both terms of probation conditioned on service of four months imprisonment followed by service of eight months imprisonment on weekends. On appeal, defendant argues that (1) defendant was unconstitutionally deprived of an accrued right to be prosecuted only after indictment by grand jury, (2) the State failed to prove defendant's guilt beyond a reasonable doubt, (3) the convictions for theft and official misconduct arose out of the same acts or transaction, and that both convictions, therefore, cannot stand, and (4) the trial court erred in conditioning the concurrent terms of probation upon the service of both a term of imprisonment and a term of periodic imprisonment.

On July 3, 1975, defendant was charged by information with felony theft offenses, the time of the offenses being described as from May 19, 1975, to June 26, 1975. On December 15, 1975, defendant was further charged by information with official misconduct, allegedly committed on June 13, 1975. The two charges were consolidated for a bench trial, which began on December 29, 1975.

At the trial the evidence established that during May and June of 1975 defendant worked for Duncan Township as a truck driver. Defendant's duties included driving a township truck to one of two quarries, picking up rock and spreading the rock on township roads. Defendant would sign a receipt for rock picked up at the quarries, and the rock would be paid for by the county, which would subsequently charge the township.

In the course of his duties as a township employee, defendant used a white 1971 Chevrolet truck owned by the township, with an "M" series license plate. It appears that the truck, when not in use, was parked at the

township supervisor's house with the keys left in the ignition. Defendant, who chose his own working hours, would use the truck as needed to perform his township duties. Township officials testified at trial that defendant did not have authority to deliver township gravel to private individuals and did not have authority to use the township truck for private purposes.

During the time period alleged in the informations, all rock pickups at the Mercer County Stone and Coal quarry for Duncan Township were made by defendant, for which he drove the white township truck. Testimony indicated that at no time, during the relevant time period, did defendant pick up rock from the quarry in any truck other than the white township truck or in any other capacity than as a township employee. Evidence established that defendant picked up numerous loads of rock at the quarry on June 2, 3, 5, 16 and 26, 1975.

It appears that Eldon Freeze, Sr., owned an airstrip and operated a service station in Preemption Township. In May and June, 1975, Freeze was having a road and a runway on his property improved, and was for these purposes buying loads of rock. Sometime in May 1975 defendant and Freeze agreed to the purchase from defendant of crushed rock and for delivery to Freeze's premises at a cost of $20 per load. Six or seven loads of rock were apparently delivered under this agreement, and Freeze made payment to defendant by checks, which were admitted into evidence. Rock deliveries to Freeze's property, made by a truck matching the description of the white township truck and driven by a male, were observed on June 2, 3, 13, and 26, 1975.

On June 26, 1975, Deputy Sheriff Feehan went to the Freeze property to investigate a reported delivery of rock there. The officer observed fresh rock on the premises and also saw tire tracks on the property. He took a sample from the fresh rock. Expert testimony at trial indicated that, because of the size, color and composition of the rock sample, the sample came from the Mercer County Stone and Coal quarry.

After hearing the evidence, the trial court found defendant guilty of misdemeanor theft and official misconduct. Defendant was sentenced to concurrent terms of probation for two years for misdemeanor theft and of five years for official misconduct, conditioned on service of four months imprisonment followed by eight months imprisonment on weekends.

■■ Defendant argues on this appeal that the application of an amendment to section 111—2 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 111—2) effective October 1, 1975 (which amendment authorized the commencement of felony prosecutions by indictment or information, so as to allow prosecution by information against defendant for alleged crimes committed prior to the effective date

of the amendment) violates State and Federal prohibitions against ex post facto legislation and unconstitutionally violated defendant's right to be prosecuted by indictment. Defendant, however, filed a post-trial motion in the trial court, but did not there challenge the propriety of the State proceeding by information. As the Illinois Supreme Court stated in *People v. Pickett* (1973), 54 Ill. 2d 280, 282, 296 N.E.2d 856:

> "The general rule followed by this court is that the failure by the defendant to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review. [Citations.] This waiver rule applies to constitutional questions as well as to other issues."

Thus defendant has waived this issue for purposes of this appeal. We additionally note that in *People v. Myers* (3d Dist. 1977), 44 Ill. App. 3d 860, 359 N.E.2d 197, we recently considered issues essentially similar to those defendant here attempts to raise, and determined that construction of the amendment to section 111—2 of the Code of Criminal Procedure of 1963 to allow prosecution by information after the effective date of the amendment, for offenses allegedly occurring prior to the effective date of the amendment, was constitutionally and statutorily proper. We further note with respect to the information filed prior to the effective date of the amendment to section 111—2, that the Illinois Appellate Court for the Fourth District recently held in *People v. Sims* (4th Dist. 1977), 47 Ill. App. 3d 215, 361 N.E.2d 1153, that such an information is valid and becomes effective with the effective date of the amendment.

■■ Defendant next argues that the State failed to prove his guilt beyond a reasonable doubt. In *People v. Carpi* (3d Dist. 1976), 44 Ill. App. 3d 364, 358 N.E.2d 355, this court stated, with regard to a trial court's determination in a bench trial (at 44 Ill. App. 3d 364, 369):

> "The trial judge in this case had the opportunity to view the witnesses and hear their testimony and, such determination would not be lightly set aside, but it is always the duty of this Court to examine the evidence in a criminal case, and if it is so unsatisfactory as to raise a serious doubt of defendant's guilt, the conviction will be reversed. (*People v. Griffin* (1st Dist. 1975), 29 Ill. App. 3d 581, 331 N.E.2d 121.) The trial court as the trier of fact determines the credibility of witnesses and the weight to be given to their testimony and a finding of guilty by the trial court will be disturbed only where the evidence is so unreasonable, improbable and unsatisfactory as to leave a reasonable doubt as to defendant's guilt. (*People v. Catlett* (1971), 48 Ill. 2d 56, 64, 268 N.E.2d 378.)"

Defendant in the instant case was charged with theft and official misconduct. Section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1) provides in part:

"A person commits theft when he knowingly * * * [o]btains or exerts unauthorized control over property of the owner * * * and * * *[i]ntends to deprive the owner permanently of the use or benefit of the property * * *."

Section 33—3 of the Criminal Code provides in part:

"A public * * * employee commits misconduct when, in his official capacity, he commits any of the following acts: * * * (c) With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority * * *."

In the instant case the evidence established that defendant had access to the white township truck, and that defendant was authorized only to pick up rock from the Mercer County Stone and Coal quarry solely for the township account. Testimony indicated that defendant contracted with Freeze for the hauling of rock in the township truck. The white township truck was apparently observed on several occasions delivering rock to Freeze's property, and expert testimony indicated that rock so delivered on one occasion originated from the Mercer County Stone and Coal quarry. Additional evidence indicated that the delivery of township gravel to private individuals and the use of the township truck for private purposes was beyond the scope of defendant's lawful authority. We conclude that the evidence is not so unreasonable, improbable and unsatisfactory as to leave a reasonable doubt as to defendant's guilt of misdemeanor theft and official misconduct.

Defendant next argues that his convictions for theft and official misconduct arose out of the same acts, and therefore both convictions cannot stand. We note that the State concedes that this contention is well taken. As the Illinois Supreme Court stated in *People v. Williams* (1975), 60 Ill. 2d 1, 13, 322 N.E.2d 819:

"Beginning with *People v. Schlenger* (1958), 13 Ill. 2d 63, this court has decided a series of cases culminating in holdings that a person may not be convicted of multiple offenses arising out of the same act or the same conduct and that only the judgment and sentence for the most serious of the offenses may stand. [Citations.]"

(Accord, *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1.) Thus, only defendant's conviction for official misconduct may stand, and the judgment and sentence on the misdemeanor theft conviction will be reversed.

■■ Defendant finally argues that the sentences imposed by the trial court, consisting of the maximum allowable terms of probation, conditioned on service of four months imprisonment with the following eight months imprisonment on weekends only, were improper. Section

5—6—3 of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3) provides that, as a condition of probation:

> "* * * (b) The Court may in addition to other conditions require that the person: (1) serve a term of periodic imprisonment under Article 7 for a period not to exceed 2 years or the maximum term of imprisonment provided for the offense, whichever is less * * *."

Defendant cites section 5—7—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—7—1(c)), providing that "* * * [t]he court shall not impose a sentence of periodic imprisonment if it imposes a sentence of imprisonment upon the defendant" and argues that the condition of service of four months continuous time and eight months of weekends violates section 5—7—1(c). We note however that section 5—7—1(a) of the Unified Code of Corrections provides:

> "A sentence of periodic imprisonment is a sentence of imprisonment during which the committed person may be released for periods of time during the day or night or for periods of days, or both. Unless the court orders otherwise, the particular times of release shall be determined by * * * [the official] who is administering the program."

In our view the total imprisonment, during the first year, upon which defendant's probation is conditioned, is a sentence of periodic imprisonment. The trial court clearly has the authority to order the particular times of release under a sentence of periodic imprisonment. In the instant case the ordered times of release commence after a period of four months and continue for the remainder of the year on weekdays. We conclude that the sentence imposed was within the proper authority of the trial court.

We, accordingly, reverse the judgment and sentence of the Circuit Court of Mercer County on the conviction of misdemeanor theft and vacate such conviction. The judgment and sentence imposed for official misconduct, however, are affirmed.

Affirmed in part and reversed in part.

STOUDER and BARRY, JJ., concur.