THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CECIL JACKSON, Defendant-Appellant.

Third District   No. 77-515

Opinion filed September 20, 1978.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (James E. Hinterlong, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, Cecil Jackson, was charged by separate informations with two counts of felony theft in violation of section 16—1(d) of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, par. 16—1(d)). Both informations charged the defendant with exerting unauthorized control over property he knew to be stolen. Each separate information charged unlawful possession of numerous but different items of property belonging to a different owner. The activity of the defendant that resulted in his being charged involved his purchase of goods he knew were stolen from one man, on one occasion sometime between October 1, 1976, and December 15, 1976, for which he paid a single sum of money. Defendant entered negotiated pleas of guilty in the Circuit Court of Kankakee County and was sentenced to from 1½ to seven years in the penitentiary on each judgment of conviction, with the sentences to run concurrently. Defendant filed a timely notice of appeal from each judgment of conviction. Thereafter, a motion to vacate judgment and for leave to withdraw the plea of guilty was filed in each case. On August 11, 1977, following hearings on the motions to withdraw his guilty pleas, the trial court denied the motions.

On appeal one issue has been presented by the defendant: Whether the trial court erred in entering judgments of conviction and sentencing

defendant on two counts of felony theft where both offenses arose out of the same physical act, violating the same section of the Criminal Code. At the outset the State argues that defendant failed to preserve the issue he now raises because of a failure to present the issue in his motions to vacate and to withdraw his pleas of guilty. The State has filed a motion to dismiss the appeal contemporaneous with its brief based upon this argument, which motion is taken with the case. The State relies upon the principal announced in *People ex rel. Basin v. Isreal* (5th Dist. 1975), 31 Ill. App. 3d 744, 335 N.E.2d 53, that the entry of a voluntary guilty plea is a waiver of the substantive issue now raised on appeal. *People v. Ford* (4th Dist., 1976), 44 Ill. App. 3d 94, 357 N.E.2d 865, it is argued, supports the State's position that a plea of guilty waives all nonjurisdictional matters such as the one issue presented in this case.

We believe defendant's argument, in the trial court on his motion to vacate and withdraw his guilty plea, that the sentences imposed were excessive necessarily includes the issue regarding the one act/one crime theory. If, indeed, defendant should only have been convicted and sentenced for one crime for what he alleges as one act, the other conviction and the sentence imposed was certainly excessive. Furthermore, the subject matter of improper concurrent sentences has been considered to be of sufficient constitutional substance to be cognizable as plain error pursuant to Supreme Court Rule 615(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 615(a)). (*People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1.) For these reasons we will consider the issue raised despite the State's technical argument of waiver and accordingly deny the State's motion to dismiss the appeal.

Defendant argues that a single act of stealing property, and by analogy exerting unauthorized control over stolen property, even of different kinds or quantities or from different owners, constitutes but one crime against the public for which only one conviction and sentence should be imposed. (*People v. Israel* (1915), 269 Ill. 284, 109 N.E. 969.) Several more recent cases in the supreme court have further discussed the one act/one crime theory. In *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1, the court held a defendant's *almost* simultaneous acts of oral genital contact and sexual intercourse with an eight-year-old girl constituted but one offense of indecent liberties with a child punishable by only one sentence because the several acts committed by the defendant in *Cox* were all enumerated in subsections of the same section of the Criminal Code. (Ill. Rev. Stat. 1965, ch. 38, par. 11—4(1), (2).) In *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, the court reconsidered the tests controlling the entry of multiple convictions and concurrent sentences in such closely related crimes and announced a new set of standards:

"Prejudice results to the defendant only in those instances where

more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." *People v. King* (1977), 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844.

*King* has expressly replaced the independent motivation standard originally set forth in *People v. Stewart* (1970), 45 Ill. 2d 310, 259 N.E.2d 24. Since the court in *King* did not, however, expressly modify or address the conclusions reached in the earlier *Cox* case we conclude that it was not necessary to do so because of the basis announced in the *Cox* opinion. We are guided in our decision here by the recent case of *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200, wherein the court applied the standards announced in *King,* while also applying the rule of law announced in *Cox.* The court held, in *Manning,* that the defendant could be convicted and sentenced for both the burglary of a drug store and his possession of controlled substances that he had stolen from inside the store because the one was not a lesser included offense of the other even though the acts occurred almost simultaneously. However, the court further held in *Manning* that the defendant's simultaneous possession of more than one type of controlled substance constituted only a single offense for which only one sentence could be imposed applying the rule of *Cox.* We agree with the rationale set forth in *Manning,* and find it to be controlling. As in *Cox,* the defendant Jackson, here, in one act, not almost simultaneously, but simultaneously, exerted unauthorized control over several different items of stolen property belonging to two owners. As Justice Goldenhersh stated in *Manning,* "If a person steals four horses from the barn of another, all being of a different color, it would not be competent to charge the thief with four different larcenies when the horses were all taken at the same time and place." (*People v. Manning* (3d Dist. 1978), 71 Ill. 2d 132, 135, 374 N.E.2d 200, 201.) We perceive no difference between this simultaneous exerting of control over the items of stolen property and the simultaneous possession of more than one type of contraband controlled substance.

For the reasons stated the judgment of conviction and the sentence imposed thereon for one of the informations charging defendant with

162

felony theft (case numbered 77—CF—4) is vacated. The judgment of conviction and sentence imposed on the other information charging felony theft (case numbered 77—CF—3) is accordingly affirmed.

Affirmed in part and vacated in part.

STOUDER and STENGEL, JJ., concur.