THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GREGORY FISHER, Defendant-Appellant.
Third District   No. 3—84—0693

Opinion filed July 19, 1985.—Rehearing denied September 4, 1985.

Robert Agostinelli and Judith Z. Kelly, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Peter M. Tumminaro, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

The defendant, Gregory Fisher, was charged with two counts of indecent liberties with a child and one count of intimidation. Defendant pleaded guilty to the indecent liberties counts and the intimidation charge was dismissed. The circuit court of Will County sentenced defendant to six- and 12-year concurrent terms of imprisonment and imposed a $1,000 fine on each count. The issues on appeal are as follows: (1) whether multiple convictions for indecent liberties were proper; (2) whether the court relied upon improper factors in aggravation and failed to consider mitigating factors; (3) whether the sentences are excessive; (4) whether defendant should have been allowed to elect sentencing under the new sex crimes statute which reduces defendant's conduct from a Class 1 to a Class 2 felony, and; (5) whether the fines were excessive and inappropriate.

An additional issue has been conceded by the State. The defendant argues that a $25 fine imposed pursuant to the Violent Crime Victim's Assistance Act should be reversed because the Act became effective after the occurrence of the offenses. Under these circumstances, the State agrees that the fine constitutes an *ex post facto* penalty and must be vacated.

At defendant's plea hearing, the prosecutor stated that the evidence would show that the defendant and a 14-year-old male victim engaged in sexual acts at defendant's photography studio. After his arrest, the defendant admitted to police that he had performed oral sex on the victim and photographed the victim while engaged in the act of masturbation. These acts formed the basis for the two counts of indecent liberties.

The defendant argues that one of his convictions and sentences must be vacated because the convictions were based upon acts which were proscribed by the same statute, occurred almost simultaneously and involved a single victim.

■■ The State argues that this issue has been waived because the defendant did not raise it at the sentencing hearing or in his motion to vacate the guilty plea. In *People v. Jackson* (1978), 64 Ill. App. 3d 159, we held that a one-act one-crime argument, although technically waived, was necessarily included in the defendant's argument that his sentence was excessive. Since the defendant here also challenges the

length of his sentences and has preserved this issue for appeal, we will consider defendant's one-act one-crime argument.

In *People v. King* (1977), 66 Ill. 2d 551, our supreme court held that prejudice results to a defendant only in those instances where more than one offense is carved from the same physical act. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. "Act," when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense.

The defendant was charged with violating sections 11—4(a)(2) and (b)(1) of the Criminal Code, which provide as follows:

"(a) Any person of the age of 17 years and upwards commits indecent liberties with a child when he or she performs or submits to any of the following acts with a child under the age of 16:

\* \* \*

(2) Any act of deviate sexual conduct; \*\*\*

\* \* \*

(b) Any person, regardless of age, commits indecent liberties with a child when he or she:

(1) Photographs, videotapes, films or otherwise makes reproductions by similar means of any of the acts set forth in subsection (a) of this Section, between a minor of less than 16 years of age and any other person regardless of age or of any of the following acts: \*\*\* (D) a minor of less than 16 years of age engaging in masturbation; \*\*\*." Ill. Rev. Sat. 1981, ch. 38, pars. 11—4(a)(2) and (b)(1).

■ The defendant engaged in one act of oral genital contact with the minor-victim and one act of photographing the victim while masturbating. Each act is a distinct and overt manifestation under *King*. Each act is separately defined under section 11—4. Although the acts may have occurred within minutes of each other, they were not simultaneous. The defendant was properly convicted and sentenced for both acts.

The defendant argues that the court improperly considered the standards for imposing extended-term and consecutive-term sentences under section 5—5—3.2(b) of the Unified Corrections Code (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(b)) as aggravating factors in sentencing the defendant to terms of imprisonment in excess of the minimum term for a Class 1 felony. The court found that psychological harm to the victim did not constitute brutal and heinous conduct so as

to permit the imposition of extended or consecutive sentences. Although the court never specifically considered psychological harm in deciding to impose a greater than minimum sentence, it is apparent that this factor played a role in the court's sentencing decision.

This court has held that the probability of permanent psychological harm to the victim is an important sentencing factor. (*People v. Matthews* (1979), 69 Ill. App. 3d 65.) We reject defendant's contention that psychological harm should not be considered in aggravation because it is present to some degree in all sex crimes committed upon minors. The defendant cites no authority for this proposition, nor does the indecent liberties statute lend itself to such an interpretation.

■■ The defendant argues that psychological harm to the victim was not proven and, therefore, should not have been considered as an aggravating factor. From the record, it is apparent that the defendant's acts created a strong probability of permanent psychological harm to the victim. The defendant threatened to distribute the pornographic pictures he had taken of the victim to the victim's high school peers if the victim would not talk to the defendant. The defendant admitted that he may have threatened the victim with castration. Defendant also admitted that he inserted a vibrator and his finger in the victim's anus. Proof of medically diagnosed psychological harm is unnecessary. The record shows that the victim became withdrawn after the encounter with the defendant. The incident caused problems for the victim at school and subjected him to daily verbal abuse by his classmates. Based on the record, we find that the probability of psychological harm was a proper consideration in sentencing the defendant.

The defendant argues that the judge considered other factors in aggravation which were not supported by the evidence. Specifically, the defendant contends that the judge speculated as to whether defendant had been a child molester when he lived in Iowa and whether defendant had planned to sell the pictures he had taken of the victim.

In his confession to the police, the defendant stated that two boys had brought the victim to defendant's place of business for the purpose of rendering sex for pay. At the sentencing hearing, the victim's mother testified that the defendant had offered to act as a big brother to her son and that he had previously been a big brother to boys in Iowa, the defendant's former residence. The defendant testified that when he learned that the victim wanted to sell his body, the defendant decided it would be better to "teach [him] in a gentle fashion than have some nut really work him over good and possibly kill him."

In sentencing the defendant, the court commented on defendant's big brother activities in Iowa and how the same pattern now seemed to be emerging in Illinois. The judge stated that there was no evidence that defendant had taken indecent liberties with boys in Iowa. Thus, contrary to defendant's contention, there is no evidence that the court speculated as to defendant's past sexual activities in Iowa.

In discussing the defendant's pictures of the victim, the judge noted that a market existed for the pictures and that the defendant had threatened to distribute the pictures around the community. The judge also stated that the defendant may have planned to keep the pictures for his own sexual gratification.

■■ Although there is no evidence that defendant intended to sell the pictures, he did threaten to use them to blackmail the victim. The pictures clearly had no legitimate purpose, and we believe that the trial judge was simply commenting on this fact during the sentencing hearing. There was no error.

■■ The defendant argues that the court failed to accord due weight to the factors in mitigation presented at the sentencing hearing. At the hearing, the judge specifically stated that he was aware of defendant's lack of prior convictions or adjudications of delinquency. The fact that the judge did not refer to other mitigating factors presented by defense counsel does not permit us to assume that he ignored them. (*People v. Gornick* (1982), 107 Ill. App. 3d 505.) The requirement that the trial judge set forth his reasons in the record for a particular sentence does not obligate the judge to recite and assign a value to each fact considered. (*People v. Meeks* (1980), 81 Ill. 2d 524.) There is no evidence that the court ignored, denigrated or refused to consider the mitigating factors in passing sentence.

The defendant argues that the sentences are excessive. Indecent liberties is a Class 1 felony and carries a sentence of four to 15 years. The defendant was sentenced to six years under count I and 12 years under count II.

■■ The defendant contends that there are no aggravating factors sufficient to justify a sentence in excess of the minimum. We have already discussed the aggravating factors considered by the court and found no error. Other than repeating his prior arguments regarding the aggravating factors, the defendant offers nothing to support his charge that the trial judge abused his discretion by imposing a sentence in excess of four years. The sentences are less than the maximum and, based on the record, are appropriate in this case.

■■ Defendant next argues that he should have been given the right to elect sentencing under the new aggravated criminal sexual

abuse statute (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(d)). Under the new law, defendant's conduct would constitute a Class 2 felony. Although this issue was not raised at the sentencing hearing or in defendant's motion to vacate, we elect to consider the question for the first time on review since it is an important issue of first impression.

Defendant relies upon section 4 of "An Act in relation to the construction of the statutes," which provides that:

> "If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, by [sic] applied to any judgment pronounced after the new law takes effect. This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject or in any other act." Ill. Rev. Stat. 1983, ch. 1, par. 1103.

Section 4 applies only to amendments which mitigate the punishment for an offense and not to amendments which change the nature or elements of an offense. *People v. Palmore* (1983), 113 Ill. App. 3d 926.

The enactment of the Criminal Sexual Assault and Abuse Law of 1984 substantively changed the nature of the offense with which the defendant was charged. Furthermore, the legislature drafted a special paragraph set forth in section 27 of Public Act 83—1067 which states that the Amendatory Act of 1983 shall only apply to those persons who commit offenses prohibited under sections 12—13 through 12—16 of the Criminal Code of 1961, as amended, on or after the effective date of the Amendatory Act. (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—12.) We find that this construction clause disposes of defendant's argument. The new act has no application in this case since the offense occurred prior to the effective date of the Amendatory Act.

■ The defendant's final argument is that the fine of $1,000 on each count is inappropriate and excessive since the record fails to indicate the defendant's present or future ability to pay. In the alternative, the defendant argues that the fine should be reduced by $15 because the defendant is entitled to a $5 per day credit for time spent in jail. Ill. Rev. Stat. 1983, ch. 38, par. 110—14.

The defendant did not object to the fine at the sentencing hearing, nor did he include the issue in his motion to vacate the guilty plea or reduce his sentence. The issue is waived. Furthermore, the alleged error is not plainly apparent from the record. On the contrary, the record is replete with evidence indicating that the defendant was gainfully employed and that the court was aware of this fact. There-

fore, we will not invoke the plain error rule. The State concedes that the fines must be reduced by $15.

The judgment of the circuit court of Will County is affirmed. The $25 fine imposed pursuant to the Crime Victim's Assistance Act is vacated and the defendant's $2,000 fine is ordered reduced by $15.

Affirmed as modified.

STOUDER and WOMBACHER, JJ., concur.