THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
AVON L. ARBO, Defendant-Appellant.

Third District   Nos. 3—90—0292, 3—90—0293 cons.

Opinion filed May 17, 1991.

Brian R. Keeley, of H. Kent Heller & Associates, P.C., of Naperville (H. Kent Heller, of counsel), for appellant.

Edward Burmila, Jr., State's Attorney, of Joliet (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HAASE delivered the opinion of the court:

A jury convicted the defendant, Avon Arbo, of six counts of felony theft and four counts of official misconduct (Ill. Rev. Stat. 1987, ch. 38, pars. 16—1(a)(1), (b)(1), 33—3(b), (c)). The trial court thereafter sentenced him to two years' conditional discharge. The defendant appeals.

An 11-count indictment charged the defendant with seven counts of felony theft and four counts of official misconduct. Specifically, counts I, II, IV, and V charged the defendant with the theft of large quantities of weed killer and fertilizer. Count VI charged him with the theft of chimney supports, parts, and supplies. Count VII alleged that between October 1, 1988, and February 21, 1989, the defendant exerted unauthorized control over more than $300 in United States currency, belonging to the Plainfield School District. Counts VIII and IX alleged that he bought property for his own personal use using the school district's tax registration number. Counts X and XI alleged that he ordered property from Tri-County Stockdale Co. and Excel-

sior Supply Division for his own personal use and then caused the school to pay for the items.

It was established at trial that the defendant ordered large quantities of weed killer and fertilizer from Tri-County Stockdale Co. even though the school's supervisor of operations and transportation was in charge of ordering such supplies. According to the school board's attorney, the defendant admitted ordering the supplies for his own personal use. Regarding the chimney parts and supplies, the defendant admitted that he ordered the items from Excelsior Supply Division for his own use and charged the costs to the school.

Much of the testimony presented at trial involved count VII, which charged the defendant with taking more than $300 from the school's petty cash fund between October 1, 1988, and February 21, 1989. In that regard, Cindy Clausens, a bookkeeper at the high school, testified that $200 in $20 bills were always missing on Fridays at about the same time that the defendant left for the day. Richard Eldred, the school's supervisor of operations and transportation, testified that in late February or early March of 1989, he noticed that envelopes marked "receipts" were in a garbage can near the shop area of the school. He reported his discovery to Clausens and Vicki Marshall, the school's payroll clerk.

Vicki Marshall testified that on the day the envelopes were found in the garbage, the defendant was in the vault area of the office more often than usual. She noted that the petty cash receipts were stored in the vault. She further testified that she had told her husband about the receipts. Later in the day, her husband retrieved them from the dumpster and eventually stored them underneath his bed. Sometime thereafter, the Marshalls gave the receipts to an auditor.

Cindy Clausens testified that in March of 1989 she discovered envelopes containing petty cash receipts inside of a box that was on top of a garbage dumpster. She further testified that at the end of each year, she placed the petty cash receipts for the year in a manilla envelope. She identified her own handwriting on the petty cash envelopes offered at trial.

According to the school board's attorney, the defendant admitted that he used the petty cash fund as a reserve on weekends and returned the money on Mondays. The defendant denied that he used the fund for anything other than school-related business.

CPA Terry Pillatsch audited the school's petty cash receipts. After she was given envelopes containing the receipts, she removed the receipts and organized them by fiscal year. She then prepared a report

comparing the difference between the amount in the petty cash account and the available receipts.

The State introduced into evidence an exhibit summarizing the accountant's findings and showing that money was missing from the account. Defense counsel objected to the introduction of the exhibit into evidence, arguing that the State should simply show that receipts were missing and not money. He further argued that the accountant's testimony on cross-examination would not tend to show that money was actually missing and, therefore, a mistrial should be declared because the State's exhibit was not probative of theft.

The trial court allowed the State to display the exhibit. The accountant thereafter testified that $30,856 in funds were unaccounted for from 1982 through 1989. On cross-examination, she noted that the receipts she added up were not necessarily the total of the receipts that were once in the drawer. She further noted that the $30,856 she described as "unaccounted for" was merely the difference between the amount deposited in the petty cash fund and the receipts that ultimately ended up at her firm. She also stated that she could not tell whether there were any funds missing from the petty cash account.

Following the presentation of the accountant's testimony, the court granted the State's motion to amend count VII of the indictment. Count VII had alleged the theft of more than $300 of United States currency. The amendment added that the defendant's "acts [were] in furtherance of a single intention and design to obtain the property of the Plainfield School District No. 202."

The defendant first contends that the trial court erred in allowing the State to amend the indictment on the second day of trial.

We agree. Count VII of the indictment had originally alleged the theft of more than $300 in currency. The court allowed the State to amend that count on the second day of trial by adding that the defendant's "acts [were] in furtherance of a single intention and design to obtain the property of the Plainfield School District No. 202."

■■ We note that *People v. Brenizer* (1986), 111 Ill. 2d 220, 489 N.E.2d 862, provides that a series of acts committed by a defendant, each of which might otherwise constitute a misdemeanor theft, may be charged as a single felony theft only if it is alleged that the acts were in furtherance of a single intention and design to obtain the property. Thus, the amendment in the instant case related to the mental state of the offense and was an essential element of felony theft as it was charged here. Moreover, the amendment occurred after the start of trial. Under these circumstances, we find that the defendant was not apprised of the precise offense charged with sufficient time

to prepare a defense. (See *People v. Payne* (1990), 194 Ill. App. 3d 238, 550 N.E.2d 1214.) Accordingly, the defendant's conviction for felony theft based on count VII must be vacated.

The State nonetheless argues that the element missing from the indictment was supplied by other counts of the indictment.

■ We disagree. The indictment reveals that none of the other counts of which the defendant was convicted related to the theft of currency. Accordingly, we find that the State's argument is without merit.

Defendant alleges a number of other errors arising out of the testimony related to count VII. While we have vacated count VII, we feel that a discussion of these other errors is necessary as the thrust of defendant's argument is that these other errors have impermissibly tainted his conviction on counts other than count VII. We disagree with that contention.

The defendant next argues that the trial court erred in allowing the State to introduce into evidence the petty cash receipts and testimony about those receipts. Specifically, he contends that the State failed to establish a chain of custody for the receipts.

■ ■ Chain of custody evidence is not required when an item is readily identifiable. (*People v. Stewart* (1984), 105 Ill. 2d 22, 473 N.E.2d 840.) Real evidence is admissible when an adequate foundation is laid to establish that the evidence is connected with the crime and it remains substantially unchanged since its seizure. (*People v. Slaughter* (1986), 149 Ill. App. 3d 183, 500 N.E.2d 662.) A proper foundation is laid for an object through its identification by a witness. (*People v. Holman* (1987), 157 Ill. App. 3d 764, 510 N.E.2d 1139.) A reviewing court will not disturb the trial court's decision to admit evidence absent an abuse of discretion and a showing of prejudice to the defendant. *People v. Hermann* (1988), 180 Ill. App. 3d 939, 536 N.E.2d 706.

■ In the present case the school's bookkeeper identified the petty cash envelopes. The school's payroll clerk testified that the defendant entered the vault where the receipts were kept more often than usual on the day that they were found in the garbage dumpster. She also testified that after her husband seized the receipts from the dumpster, they stored them underneath their bed until they handed them over for auditing. Under these circumstances, we find that the receipts were adequately connected with the crime, and it was unlikely that they were substantially changed since the time of seizure. Accordingly, we find that the trial court did not abuse its discretion in admitting the evidence.

The defendant next argues that the accountant's testimony was inadmissible hearsay. He contends that it was improper for the accountant to testify about inferences that could be drawn from the missing receipts. He further contends that the State was required to offer the testimony pursuant to the business records exception to the hearsay rule.

Testimony about an out-of-court writing, which is used for a purpose other than to prove the truth of the matter asserted in the writing, is not hearsay. (*People v. Stewart* (1984), 105 Ill. 2d 22, 473 N.E.2d 840.) Here, the testimony about the receipts in question was offered to prove that they were missing from the envelopes and not to prove the truth of the matters asserted in the receipts. Accordingly, the testimony about the missing receipts was not hearsay and, therefore, was properly allowed.

The defendant also argues that the accountant's testimony was inadmissible because it was unsubstantiated, prejudicial, and implied prior misconduct.

Other crime evidence is admissible if relevant for any purpose other than to show the defendant's propensity to commit crime. (*People v. Richardson* (1988), 123 Ill. 2d 322, 528 N.E.2d 612.) However, the State must show that the crime or misconduct occurred and that the defendant participated in it. The decision to admit or exclude such evidence is within the sound discretion of the trial court, and its decision will not be overturned on review unless it was against the manifest weight of the evidence. *People v. Dunn* (1987), 160 Ill. App. 3d 11, 513 N.E.2d 113.

In the instant case, we find that the accountant's testimony about the unaccounted-for funds did not imply prior misconduct on the part of the defendant. She merely testified that receipts were missing and that she could not account for all the funds placed in petty cash. Furthermore, she testified on cross-examination that she could not tell if there were actually any funds missing. Accordingly, we find that the trial court did not abuse its discretion in finding the testimony admissible.

The defendant next argues that the trial court erred in allowing into evidence testimony about receipts for the period prior to the dates covered by the indictment.

It is well settled that evidence that is relevant is admissible. Relevancy is established where a fact offered tends to prove a fact in controversy or renders a matter in issue more or less probable. (*People v. Monroe* (1977), 66 Ill. 2d 317, 362 N.E.2d 295.) Evidence may be admissible as relevant background information. (*People v. Monroe*

(1977), 66 Ill. 2d 317, 362 N.E.2d 295.) Admissibility may also depend upon whether the probative value of the evidence outweighs its prejudicial effect. *People v. DeHoyos* (1976), 64 Ill. 2d 128, 355 N.E.2d 19.

■■ Applying the above principles, we find that the testimony about the receipts for years prior to the dates listed in the indictment was admissible as relevant background information. Moreover, the evidence tended to show a pattern of missing receipts over the years. Accordingly, the trial court did not err in admitting the evidence.

The defendant next argues that the trial court erred in questioning the defendant's character witness about whether the witness paid sales tax on an item he purchased for his personal use through the school district.

■■ We note that it is well settled that a trial judge may ask questions of a witness in order to clarify the evidence. (*People v. Enoch* (1989), 189 Ill. App. 3d 535, 545 N.E.2d 429.) In the case at bar, the defendant's character witness testified that he purchased an item through the school district and that he considered it a fringe benefit. We find that the complained-of questioning was merely an attempt to clarify the witness' definition of a fringe benefit and whether he paid tax on the item. Accordingly, the judge's questioning was proper.

The defendant next contends that his official misconduct convictions, counts VIII through XI, should be vacated because they arose out of the same physical act as his felony theft convictions, counts I, II, IV, V, VI, and VII.

Multiple convictions are improper when more than one offense is carved from the same physical act. (*People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838.) Prosecutorial intent, as reflected in the charging instrument, is a factor to be considered in determining whether a defendant's conduct constituted a single act or separate acts. *People v. Varela* (1990), 194 Ill. App. 3d 357, 551 N.E.2d 318.

■■ Here, counts X and XI charged that the defendant committed a theft when he ordered property from Tri-County Stockdale Co. and Excelsior Supply Division. Counts II, IV, V and VI charged the defendant with the theft of weed killer, fertilizer, and chimney parts. The evidence at trial indicates that the defendant purchased those items from Tri-County Stockdale Co. and Excelsior Supply Division. Moreover, the record indicates that counts X and XI were based on the same physical acts as the defendant's theft convictions, counts II, IV, V and VI. Accordingly, we find that the lesser official misconduct convictions charged in counts X and XI must be vacated.

■■■ We further note, however, that the defendant's argument that counts VIII and IX should also be vacated is without merit. Official misconduct, as charged in these counts, is not a lesser included offense of theft as it was charged here. Counts VIII and IX were based on the use of the school's tax number, which was a separate act from the thefts.

Lastly, the defendant contends that reversible error occurred when the State elicited hearsay testimony from the defendant's character witness on cross-examination.

Emmett Fleming, a defense character witness, testified that he had not heard anything detrimental about the defendant's reputation in the community. On cross-examination, the prosecutor asked Fleming whether the superintendent of the school, Roland Smith, had told Fleming that he believed that the defendant did not have an honest character. Fleming replied that Smith had told him that he believed the defendant was guilty of some of the charges.

■■■ Under the circumstances, we find that even though the testimony was hearsay, any error in its introduction into evidence was harmless and did not prejudice the defendant. In so finding, we note that the hearsay statement was elicited by the prosecutor on cross-examination in an attempt to rebut the witness' claims about the defendant's reputation. We also note that it was the defendant's own witness who responded with the hearsay statement.

Based on the foregoing, the defendant's convictions for theft count VII and official misconduct counts X and XI are vacated. The remainder of the judgment of the circuit court of Will County is affirmed.

Affirmed in part; vacated in part.

McCUSKEY and SLATER, JJ., concur.