THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTHONY C. CAGLE, Defendant-Appellant.

Third District   No. 3—95—0194

Opinion filed January 3, 1996.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Anthony C. Cagle, was convicted of unlawful use of weapons (720 ILCS 5/24—1(a)(7) (West 1992)). Subsequently, he was sentenced to 30 months' probation, with the first 15 months to be spent on home detention. Thirty-four days later, the State filed a petition to revoke probation due to the defendant's repeated absences from his home and pervasive drug use. After a hearing, the trial court granted the State's petition and resentenced the defendant to five years' imprisonment. On appeal, the defendant contends that his sentence is excessive. Following our careful review of the record, we affirm.

We initially note that sentencing is a matter of judicial discretion. A sentence will not be altered on review unless it is an abuse of discretion. *People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547.

The defendant first argues that the trial court erred in considering the inherent threat of serious harm as an aggravating factor. The defendant contends that "serious harm" is an implicit element of unlawful use of weapons and therefore an improper aggravating factor. Illinois courts, however, have held that the commission of an offense can include varying degrees of harm or threatened harm and those varying degrees may be an aggravating factor. *People v. Saldivar* (1986), 113 Ill. 2d 256, 269, 497 N.E.2d 1138, 1143.

■ Here, the trial judge discussed the degree of harm when he made his sentencing comments. The defendant was charged with violating the unlawful use of weapons statute by knowingly possessing a 12 gauge shotgun with a barrel less than 18 inches in length. At sentencing, the judge noted that the defendant's conduct threatened serious harm when he possessed a sawed-off shotgun and *then shot it*. Obviously, the firing of a weapon causes a threat of more serious harm than the mere possession of it. Therefore, the trial court did not overemphasize the seriousness of the crime and properly considered the degree of harm as a sentencing factor.

Second, the defendant contends the trial court erred when it found there was no provocation mitigating the defendant's criminal conduct. To support his contention, he notes that in the factual basis of the plea, the State admits that the defendant obtained the gun from his codefendant at the codefendant's home after the two had been shot at.

■ We agree with the trial court's conclusion that these facts do not constitute strong provocation. Although the defendant was shot at, he was able to take shelter in the codefendant's home. Rather than remain in the home, he and the codefendant chose to arm themselves, go back into the street, and shoot at their attackers. Several cars were damaged in the process. Accordingly, the trial court properly found that this fact was not a mitigating factor.

Third, the defendant argues that the trial court erred when, in determining the defendant's rehabilitative potential, it failed to consider the defendant's testimony for the State in an unrelated criminal matter.

■ The record reflects that the defendant's testimony in the unrelated matter was a major consideration in originally sentencing the defendant to probation. The defendant then violated the terms of his probation after a short period of home detention. Further, the defendant had 25 prior offenses when he was charged with the instant offense. Consequently, we find the defendant's testimony was given sufficient consideration, and the trial court did not err in finding the defendant had little rehabilitative potential.

Finally, the defendant contends the trial court erred when it failed to accord due weight to such important mitigating factors as the defendant's recent withdrawal from a street gang, his obtaining a GED certificate, his youth, and his guilty plea.

A reviewing court will not engage in the reweighing of sentencing factors. (*People v. Streit* (1991), 142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353.) We will presume the trial court considered all mitigating evidence before it, absent a contrary indication other than the sentence. (*People v. Redmond* (1994), 265 Ill. App. 3d 292, 307, 637 N.E.2d 526, 537.) Additionally, mitigating factors do *not* automatically require the sentencing judge to give less than the maximum sentence. *People v. Smith* (1991), 214 Ill. App. 3d 327, 339, 574 N.E.2d 784, 792.

■ Here, the trial judge stated that he had considered the factors in aggravation and mitigation in sentencing the defendant. Furthermore, the few mitigating factors present in this case are clearly disproportionate to the aggravating factors. Therefore, we find no error in the trial court's consideration of the evidence.

Based on the reasons indicated, we conclude that the trial court did not abuse its discretion in sentencing the defendant to five years' imprisonment. Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOLDRIDGE, P.J., and LYTTON, J., concur.