THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID MOSHIER, Defendant-Appellant.

Third District    No. 3—99—0604

Opinion filed April 20, 2000.

HOLDRIDGE, J., concurring in part and dissenting in part.

Donna K. Kelly (argued), of State Appellate Defender's Office, of Ottawa, for appellant.

Paul Mangieri, State's Attorney, of Galesburg (John X. Breslin and Robert M. Hansen (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant David Moshier pled guilty to one count of theft (720 ILCS 5/16—1(a)(1)(A) (West 1994)) and one count of official misconduct (720 ILCS 5/33—3(b) (West 1994)). The trial court sentenced him to concurrent five-year prison terms. Defendant appeals, claiming that his conviction for official misconduct should be vacated on one-act-one-crime principles and that his sentences are excessive. We affirm in part and vacate in part.

In 1977, defendant was elected to serve a four-year term as the Indian Point Township supervisor. He was reelected every four years, through 1997. In 1998, the State charged defendant with official misconduct and theft. The indictment alleged that defendant converted "in excess of $100,000.00" in township money. Defendant pled guilty to each charge, and the trial court sentenced him to concurrent terms of five years' imprisonment. In addition, the court ordered him to pay $150,360.96 in restitution. Defendant filed a motion to reconsider his sentences, which was denied.

I

Defendant argues that his conviction for official misconduct should be vacated because it is based on the same conduct underlying his theft conviction. The State responds that defendant waived this issue by failing to file a motion to withdraw his guilty plea. Alternatively, the State claims that it charged defendant with multiple criminal acts.

■ It is well settled that a criminal defendant may not be convicted of more than one offense carved from the same physical act. *People v. Hajostek*, 49 Ill. App. 3d 148, 152, 363 N.E.2d 1208, 1211 (1977). However, "[m]ultiple convictions and concurrent sentences should be permitted *** where a defendant has committed several acts, despite the interrelationship of those acts." *People v. King*, 66 Ill. 2d 551, 566, 363 N.E.2d 838, 844 (1977). The term "act" is defined as "any overt or outward manifestation which will support a different offense."

*King*, 66 Ill. 2d at 566, 363 N.E.2d at 844-45; *People v. Fisher*, 135 Ill. App. 3d 502, 505, 481 N.E.2d 1233, 1235 (1985). Objections to surplus convictions, though technically waived, may be considered as plain error. *People v. Lee*, 247 Ill. App. 3d 505, 510-11, 617 N.E.2d 431, 435 (1993).

■ Here, defendant did not file a motion to withdraw his guilty plea for official misconduct. However, he filed a motion to reconsider his sentences, claiming that they were excessive. Therefore, defendant has preserved this issue for appeal. See *People v. Jackson*, 64 Ill. App. 3d 159, 160, 380 N.E.2d 1210, 1211-12 (1978) (a claim that sentences imposed were excessive necessarily includes the issue of the one-act-one-crime theory). Alternatively, we consider this issue as plain error. See *Lee*, 247 Ill. App. 3d at 510-11, 617 N.E.2d at 435.

The State charged defendant with theft and official misconduct. Count I (official misconduct) alleges that defendant:

"a public officer, the Indian Point Township Supervisor, while acting in his official capacity as Indian Point Township Supervisor, knowingly performed an act which he knew was forbidden by law to perform, in that while acting as Indian Point Township Supervisor, he committed theft in excess of $100,000.00, in that *** [he] knowingly exerted unauthorized control over the property of Indian Point Township, a body politic, said property being certain checks and money of Indian Point Township, having a total value in excess of $100,000.00, in that said defendant knowingly used the aforesaid checks and money in such a manner so as to deprive Indian Point Township permanently of the use of said property."

Count II (theft) alleges that defendant:

"knowingly exerted unauthorized control over the property of Indian Point Township, a body politic, said property being certain checks and money of Indian Point Township, having a total value in excess of $100,000.00, in that said defendant knowingly used the aforesaid checks and money in such a manner so as to deprive Indian Point Township permanently of the use of said property."

The indictment does not allege any additional acts on the part of defendant. The State, nonetheless, cites *People v. McLaurin*, 184 Ill. 2d 58, 703 N.E.2d 11 (1998), claiming that multiple convictions are appropriate because defendant committed multiple acts.

In *McLaurin*, the State alleged that the defendant entered the victim's home and set a fire, which led to the victim's death. 184 Ill. 2d at 104-05, 703 N.E.2d at 33. A jury convicted the defendant of several offenses, including intentional murder and home invasion. On appeal, the defendant argued that "the convictions for intentional murder and home invasion resulted from the same physical act, that is, the setting of the fire." 184 Ill. 2d at 105, 703 N.E.2d at 33. The

supreme court rejected this argument, explaining that "the offense of home invasion involved an additional physical act of entering the dwelling of the victim." 184 Ill. 2d at 103-05, 703 N.E.2d at 32-33.

The crucial difference between *McLaurin* and the present case derives from the substance of the charging document in each. In *McLaurin*, the State alleged multiple physical acts, *i.e.*, entering the victim's home *and* starting a fire which resulted in death. 184 Ill. 2d at 104-05, 703 N.E.2d at 33. By charging the defendant with the additional act of entering the victim's home, the State was able to obtain an additional conviction for home invasion. 184 Ill. 2d at 104-05, 703 N.E.2d at 33.

■ In this case, the State also charged defendant with separate crimes. However, both counts of the indictment are based on the same act of converting "certain checks and money *** having a total value in excess of $100,000.00." Although the State claims that defendant's knowledge of wrongdoing as a public official is an additional act, it constitutes neither a physical act (see *McLaurin*, 184 Ill. 2d at 104-05, 703 N.E.2d at 33) nor an overt or outward manifestation capable of supporting a different offense. See *King*, 66 Ill. 2d at 566, 363 N.E.2d at 844-45. Accordingly, we reject the State's argument. See *People v. Arbo*, 213 Ill. App. 3d 828, 835, 572 N.E.2d 417, 422 (1991); *People v. Hajostek*, 49 Ill. App. 3d at 151-52, 363 N.E.2d at 1211. Defendant's conviction for official misconduct is vacated. See *People v. Garcia*, 179 Ill. 2d 55, 71, 688 N.E.2d 57, 64 (1997).

## II

Defendant further argues that his sentence for theft is excessive. He claims that his poor health, lack of criminal history, dedication to public service and rehabilitative potential require a lesser sentence.[1]

■ A reviewing court will not engage in the reweighing of sentencing factors. *People v. Streit*, 142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353 (1991). We presume that the trial court considered all mitigating evidence before it, absent a contrary indication other than the sentence. *People v. Cagle*, 277 Ill. App. 3d 29, 32, 660 N.E.2d 548, 550 (1996). A sentence will not be altered on review unless it amounts to an abuse of discretion. *Cagle*, 277 Ill. App. 3d at 30, 660 N.E.2d at 549.

The sentencing range for defendant's theft conviction is 4 to 15 years. See 730 ILCS 5/5—8—1(a)(4) (West 1994). The trial court

---

[1]Defendant also contends that his sentence for official misconduct is excessive and that the trial court improperly considered compensation as an aggravating factor in relation to the official misconduct conviction. However, we need not address these issues, since we have vacated defendant's conviction for official misconduct.

sentenced him to five years' imprisonment. In sentencing defendant, the trial court considered defendant's lack of criminal record, time spent in public office and deteriorating health. The court specifically stated that, but for defendant's poor health, it may have considered imposing a stiffer sentence. Based on a review of the record, we cannot say that defendant's five-year sentence is an abuse of discretion. Defendant's five-year sentence for theft is affirmed.

Defendant's conviction for official misconduct is vacated. The judgment of the circuit court of Peoria County is affirmed in part and vacated in part.

Affirmed in part and vacated in part.

SLATER, P.J., concurs.

JUSTICE HOLDRIDGE, concurring in part and dissenting in part:

I concur in the majority's holding that defendant's sentence for theft was not excessive. However, I disagree with the finding that defendant's conviction for official misconduct should be vacated and I dissent from that portion of this disposition.

Multiple convictions and concurrent sentences are allowed where, as here, the defendant commits several acts, despite their interrelationship. *People v. McLaurin*, 184 Ill. 2d 58 (1998). The term "act" as the majority notes, includes "any overt or outward manifestation which will support a different offense." *People v. King*, 66 Ill. 2d 551, 566 (1977). Official misconduct and theft are separate offenses, with the defendant's knowledge of his wrongdoing as a public official in committing theft being the additional "act" necessary to support the charging of different offenses. *People v. King*, 66 Ill. 2d 551, 566 (1977).

As I find that the offenses of official misconduct and theft were separate, I would affirm the defendant's convictions for both official misconduct and theft.