THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LARRY A. GREENE, Defendant-Appellant.

First District (3rd Division)    No. 79-1011

Opinion filed November 18, 1981.—Modified on denial of rehearing December
30, 1981.

Ralph Ruebner and Kenneth L. Jones, both of State Appellate Defender's Office, of Chicago, and Leslie J. Rosen, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Pamela L. Gray, and Gael McCaughey-O'Brien, Assistant State's Attorneys, of counsel), for the People.

JUSTICE McGILLICUDDY delivered the opinion of the court:

Following a jury trial the defendant, Larry A. Greene, was convicted of two counts of indecent liberties with a child (Ill. Rev. Stat. 1979, ch. 38, par. 11—4(a)) and sentenced to a term of 12 years. The defendant was found not guilty of deviate sexual assault. (Ill. Rev. Stat. 1979, ch. 38, par. 11—3.) On appeal, the defendant contends (1) that the jury was improperly instructed; (2) that the trial court erred in failing to dismiss the venire; and (3) that the trial court imposed an excessive sentence in order to punish him for exercising his right to trial.

On January 25, 1978 at 9:30 p.m., the complainant, age 14, was standing on the corner of 43rd and Drexel Streets in Chicago. She was waiting for the traffic light to change so that she could continue her walk to Hyde Park to visit a friend. The complainant was wearing a suit coat, a pair of pants and a skull cap.

The complainant testified that while she was standing at the corner, the defendant bumped her left shoulder and placed something hard to her right side. The defendant pulled the complainant's cap over her eyes and grabbed her wrists with his left hand. While he continued to hold the hard object against her side, the defendant told the complainant to start walking and "to be a nice little girl and won't nothing happen." After a brief walk the defendant opened a car door, got into the car, and pulled the complainant into the front seat. The defendant drove the car while holding the complainant's shoulder as she lay crying on the front seat. After four or five minutes, the defendant stopped the car. The defendant removed one leg of the complainant's pants and her panties and put his mouth to her vagina. He subsequently put his finger into her vagina. While the complainant cried, the defendant pulled up her blouse and her

bra and put his mouth to her breast. At this point the complainant heard someone slam a car door. She pulled off her cap and saw two policemen.

Officer Daniel Iosello of the Chicago Police Department testified that on January 25, 1978, he and his partner went to the vicinity of 4514 S. Drexel following a conversation with a citizen. Officer Iosello observed an automobile parked in a vacant lot with the motor running. He looked into the automobile and observed the defendant fondling the complainant. Iosello opened the door and announced that he was a police officer. He noticed that the complainant's cap covered her eyes and that she was crying. Officer Iosello searched the defendant and found an open pocket knife in his right coat pocket.

The defendant did not present any evidence at trial.

The defendant first argues that the trial court should have instructed the jury concerning an affirmative defense to the offense of indecent liberties with a child.

The Criminal Code of 1961 provides that "[a]ny person of the age of 17 years and upwards commits indecent liberties with a child when he or she performs or submits to any of the following acts with a child under the age of 16:

(1) Any act of sexual intercourse; or

(2) Any act of deviate sexual conduct; or

(3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both." (Ill. Rev. Stat. 1979, ch. 38, par. 11—4(a).)

An affirmative defense to the crime is that the accused reasonably believed that the child was of the age of 16 or upwards at the time of the act. Ill. Rev. Stat. 1979, ch. 38, par. 11—4(c).

An affirmative defense is raised when the defendant presents "some evidence thereon." (Ill. Rev. Stat. 1979, ch. 38, par. 3—2.) The defendant is entitled to an instruction on the affirmative defense even if the evidence he presents is very slight. *People v. Brown* (1971), 132 Ill. App. 2d 875, 271 N.E.2d 395.

■■ According to the defendant, the complainant's testimony that she was alone on the street at 9:30 p.m. dressed in a suit coat, pair of pants and a skull cap constituted the evidence necessary to require the issuance of an instruction on the affirmative defense. We disagree. Such testimony in no way can be construed as evidence that the defendant reasonably believed that the complainant was 16 years of age or older.

■■ The defendant also argues that during cross-examination the complainant was asked whether she had told the defendant that she was 17 years of age. Such a question does not constitute evidence concerning the defend-

ant's reasonable belief since an affirmative defense is not properly developed on cross-examination. *People v. Hernandez* (1980), 88 Ill. App. 3d 698, 412 N.E.2d 572; *People v. Marchese* (1975), 32 Ill. App. 3d 872, 336 N.E.2d 795.

■■ The defendant's reliance on *People v. Plewka* (1975), 27 Ill. App. 3d 553, 327 N.E.2d 457, is misplaced. In *Plewka* one defendant testified that he thought the complainant was 16 or 17. The second defendant testified that he would not have attempted intercourse with the 15-year-old complainant if he had known her age. This court held that this evidence barely met the statutory requirement that "some evidence" must be presented in order to raise an affirmative defense. In the instant case the defendant presented no evidence of a reasonable belief since he neither testified nor presented any evidence on his behalf. Thus, the trial court did not err when it refused to instruct the jury concerning the affirmative defense.

The defendant next contends that the trial court erred by failing to dismiss the venire when the jury saw him in handcuffs, unshaved, and dressed in prison clothes.

On October 16, 1978, the selection of the jury was in process when the sheriff brought the handcuffed defendant to the trial court's chambers. The defendant was escorted past the open door of the courtroom. Defendant's handcuffs were removed before he entered the courtroom.

Defendant's attorney asked the court to dismiss the venire because the jurors saw the defendant "not dressed" and unshaved. The attorney explained the defendant had not shaved because "his tools had been stolen" at the county jail. The trial court denied this request, and the selection of the jury continued.

The defendant argues that it was reversible error to allow the jury to view him in handcuffs. However, when members of the jury view a defendant in shackles for a short period of time, such a brief viewing is not reversible error absent an affirmative showing of prejudice. *People v. Jones* (1980), 88 Ill. App. 3d 629, 410 N.E.2d 1122; *People v. Walsh* (1980), 80 Ill. App. 3d 754, 400 N.E.2d 587; *People v. Foster* (1980), 80 Ill. App. 3d 990, 400 N.E.2d 462.

■■ In the instant case any viewing of the defendant in handcuffs by a juror was brief and inadvertent. In fact, the record does not reveal if any of the jurors actually saw the defendant as he passed the door of the courtroom. Furthermore, the defendant has not shown any prejudice resulting from the alleged brief viewing.

■■ The defendant also argues that members of the venire saw him dressed in prison clothes and unshaved when he entered the courtroom. Although the State cannot compel an accused to stand trial before a jury

while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes is sufficient to negate the presence of compulsion necessary to establish a constitutional violation. *Estelle v. Williams* (1976), 425 U.S. 501, 48 L. Ed. 2d 126, 96 S. Ct. 1691. See also *People v. Hyche* (1979), 77 Ill. 2d 229, 396 N.E.2d 6.

The record does not reveal any evidence that the defendant objected to entering the courtroom. There is no transcript in the record of any proceedings which may have occurred in the judge's chambers prior to the defendant's appearance in the courtroom. Thus, the trial court properly denied defendant's motion to dismiss the venire.

Finally, the defendant argues that the trial court imposed an excessive sentence in order to punish him for exercising his right to trial. The defendant states that at the pretrial hearing, the trial court indicated that it would impose a sentence of eight years if the defendant pled guilty. He points out that despite the fact that he was acquitted of deviate sexual assault, the trial court imposed a sentence of 12 years.

■■ An enhanced sentence may not be imposed merely because a defendant has exercised his constitutional right to trial. (*People v. Moriarty* (1962), 25 Ill. 2d 565, 185 N.E.2d 688.) However, when it is claimed that a heavier sentence has been imposed as a punishment for exercising this right, there must be an affirmative showing in the record that the greater sentence was imposed as a punishment. (*People v. Davis* (1981), 93 Ill. App. 3d 187, 416 N.E.2d 1179.) The mere fact that the defendant was given a greater sentence than the sentence discussed at a pretrial hearing does not support an inference that the greater sentence was imposed as a punishment for demanding a trial. *People v. Busch* (1973), 15 Ill. App. 3d 905, 305 N.E.2d 372.

Contrary to the defendant's assertion, the record reveals no evidence which would show that his sentence was a punishment for exercising his right to trial. In *People v. Young* (1974), 20 Ill. App. 3d 891, 893, 314 N.E.2d 280, upon which the defendant relies, the trial court commented that:

> "You shot the dice and they just came up craps. I have no inclination to give you the same thing had you chose to throw yourself on the mercy of the Court. I will add one year * * *."

On appeal this court stated that this statement left no doubt that the sentence was increased because the defendant went to trial. *Young*, therefore, is clearly distinguishable.

■■ The defendant also contends that certain comments of the trial court indicate that the court misinterpreted a statement made by the defendant at his sentencing hearing as evidence of a lack of a penitent attitude. We cannot say that the trial court's conclusion was erroneous. It appears that the trial court was commenting on the fact that the defendant failed to

express any sorrow for his actions or concern for the complainant. Furthermore, the trial court was in a better position than this court to judge the sincerity of the defendant's remarks.

■■ The defendant also argues for the first time in his reply brief that at the sentencing hearing the State incorrectly stated that the defendant had four prior convictions. The defendant points out that one of his convictions was reversed and remanded for a new trial by this court. (*People v. Greene* (1975), 31 Ill. App. 3d 147, 333 N.E.2d 661.) On remand, the defendant was again found guilty. Thus, defendant's record consisted of three prior convictions, not four.

Although we agree that the prosecutor's statement concerning the defendant's record was incorrect, we note that the presentence report accurately reflected the fact of the reversal on appeal and the subsequent retrial and conviction. Furthermore, the defendant made no attempt to correct the prosecutor's misstatement at the sentencing hearing. Thus, any claim of error in this regard was waived. See *People v. Boyce* (1977), 51 Ill. App. 3d 549, 366 N.E.2d 914.

Absent an abuse of discretion, this court has no authority to alter the sentence imposed by the trial court. We find no such abuse in the instant case.

For the foregoing reasons, the judgment of the circuit court of Cook County is hereby affirmed.

Affirmed.

RIZZI, P. J., and WHITE, J., concur.