(No. 56436.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. SKOWRAN REID, Appellant.

*Opinion filed January 24, 1983.*

Tyrone C. Fahner, Attorney General, of Springfield, and J. Michael Fitzsimmons, State's Attorney, of Wheaton (Michael B. Weinstein and Michael V. Accettura, Assistant State's Attorneys, of Springfield, of counsel), for the People.

Daniel D. Yuhas, Deputy Defender, and Gary S. Rapaport, Assistant Defender, of the Office of the State Appellate Defender, of Springfield, for appellant.

JUSTICE GOLDENHERSH delivered the opinion of

the court:

In a bench trial in the circuit court of McLean County, defendant, Skowran Reid, was convicted of attempted armed robbery (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 18—2) and sentenced to 10 years' imprisonment. Defendant appealed the sentence, and the appellate court, by Rule 23 order (73 Ill. 2d R. 23), affirmed (102 Ill. App. 3d 1208). We allowed defendant's petition for leave to appeal. 85 Ill. 2d R. 315(a).

Defendant approached Diane Smith, who had just parked her automobile in the parking lot of a food store in Bloomington. Defendant was carrying a "walking stick" which he had carved. The stick was approximately 3½ feet long and two inches thick. Defendant demanded Ms. Smith's purse, but Ms. Smith replied that she was not going to give it to him. Defendant then raised the stick, drew it back as if it were a baseball bat, and made a short stroking movement to indicate that he would use the weapon if she did not relinquish her purse. Ms. Smith then exclaimed, "You are not going to hit me ***," and defendant turned and walked away.

At the sentencing hearing, the People argued that because defendant had two previous burglary convictions he should be given a minimum sentence of seven years' imprisonment. Counsel for defendant argued that defendant should receive the minimum permissible sentence. As mitigating factors defense counsel argued that the victim did not appear to have any lasting psychological problems from this incident, defendant's father had died recently and defendant's mother and sister needed his support, defendant had successfully completed parole the last time he was sentenced to prison, and that "there was no physical harm, touching of the victim." Defense counsel characterized the incident as an exchange of gestures between the defendant and the victim and noted that the victim was never touched nor did

she lose anything during this incident.

The circuit court judge noted that probation was not available to defendant, but stated that even if it were he would not grant him probation due to his prior criminal history. The circuit court continued:

> "I believe that the, in evaluation of the evidence at trial and a consideration of the P.S.I. together dictate or recommend the imposition of a penitentiary sentence. I believe that the Defendant planned the offense that he committed, or a similar offense. We know that the evidence was such that harm was threatened; that an effort at intimidation by way of the use of a weapon was made.
>
> Your remarks may be appropriate in the sense, Mr. O'Rourke [defense counsel], in that the Defendant may have picked a victim which, who was somebody who didn't want to be a victim and wasn't a very willing one, and sort of turned the tables on the situation, and by the strength of her own character and determination prevented herself from being robbed."

The circuit court noted that this was defendant's third felony conviction within a four-year period and that he was in the penitentiary a good part of that period of time. The trial court stated that it believed that defendant was not truthful at trial and it was permissible for the court to take this into consideration in determining an appropriate sentence. The circuit court sentenced defendant to 10 years in the Illinois Department of Corrections.

On appeal, defendant argued that the circuit court erred in sentencing him because it "considered the fact that defendant threatened to strike the victim with a heavy stick or club in attempting to rob her as an aggravating factor which threatened physical harm to the victim." The appellate court reviewed this court's decisions in *People v. Conover* (1981), 84 Ill. 2d 400, and *People v. Brownell* (1980), 79 Ill. 2d 508, and noted that a factor necessarily inherent in the offense charged may not be considered as an aggravating factor for the reason that the General Assembly must have presumed the existence of the factor

when it determined the appropriate range of punishment for the commission of that crime. The appellate court stated that regardless of whether it was appropriate to consider the threat of harm as an aggravating factor, the circuit court did not do so. The appellate court stated further that even if the circuit court's comments could be interpreted to indicate that it was considering the threat of force or physical harm as an aggravating factor, "the statement of the court does not give any indication that consideration of the threat of serious harm was a major consideration in the imposition of the sentence." The appellate court concluded that even if the statements were improper, they did not require reversal.

We agree with the appellate court that the circuit court's comments do not show that it considered the threat of harm an aggravating factor. The court's comments immediately following the mention of harm being threatened indicate that its comments were in response to defense counsel's suggestion that no harm had occurred and that the incident amounted to little more than an exchange of words or gestures.

It is clear from the record that the circuit court imposed the 10-year sentence primarily because of defendant's criminal record, and not because force was used in the commission of the offense. The court stated that even if it could impose probation, it would not consider probation due to defendant's two prior felony convictions. It is equally clear that the court also considered defendant's lack of truthfulness at trial as a factor in aggravation. We find no indication that the use of force was considered a factor in aggravation, and the judgment of the appellate court is affirmed.

*Judgment affirmed.*