2021 IL App (1st) 192239-U

FIFTH DIVISION
August 27, 2021

No. 1-19-2239

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 11 CR 21148 |
| DAMONTA JOHNSON, | ) ) ) | Honorable Joan Margaret O'Brien, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1   *Held:*   The circuit court did not err in resentencing defendant to 30 years' imprisonment for armed robbery with a firearm.  Affirmed.

¶ 2   Defendant Damonta Johnson was convicted of armed robbery with a firearm and sentenced to 32 years in prison.  In a prior appeal, he contended in pertinent part that his sentencing hearing violated his privilege against self-incrimination because the circuit court "took into consideration his failure to make a statement in allocution as evidence of his lack of remorse." *People v. Johnson*, 2018 IL App (1st) 152611-U, ¶ 2.  We agreed, vacated his sentence, and remanded for a new sentencing hearing. *Id.*  This case now returns to us on appeal from that resentencing hearing.  In

this appeal defendant contends that the court erred in resentencing him to 30 years' imprisonment because it (1) erroneously considered as an aggravating factor that defendant struck the victim in the chest, when in fact it was the victim who struck defendant in the chest; and (2) failed to consider as mitigation the fact that defendant cooperated with police and lead them to the victim's backpack. We affirm.

¶ 3                                BACKGROUND

¶ 4     This court has detailed the underlying facts of this case in the earlier decision. See *Johnson*, 2018 IL App (1st) 152611-U. We thus limit the facts to those that are pertinent to our discussion of the particular issue on appeal.

¶ 5     The State charged defendant with, *inter alia*, armed robbery with a firearm. *Id.* ¶ 10. Defendant rejected two plea offers from the State, and the case then proceeded to a jury trial at which the following evidence was adduced. *Id.* ¶¶ 10, 12.

¶ 6     On the evening of December 2, 2011, the victim, Clarence Rogan, was walking along Burnham Avenue in Chicago to help a sick friend. *Id.* ¶ 4. Rogan had worked as a combat medic and was carrying a backpack containing a blood pressure gauge, stethoscope, and medical books. *Id.*

¶ 7     Rogan saw defendant and another individual (later identified as "Little Darryl") walking toward him. *Id.* ¶¶ 5, 9. Little Darryl spoke briefly to Rogan and then pulled out a revolver, pointed it at Rogan's head, and demanded Rogan's money and "stuff." *Id.* ¶ 5. Defendant ran to Rogan from across the street, grabbed his arm, and demanded that Rogan "give it up." *Id.*

¶ 8     Defendant tried to take Rogan's backpack, but Rogan resisted. *Id.* ¶ 6. Defendant punched Rogan in the left eye, and after Rogan fell to one knee, defendant took Rogan's backpack from him. *Id.* Rogan then punched defendant in the sternum and fled. *Id.*

¶ 9     Rogan looked back when he reached the street corner and saw defendant rifling through the backpack. *Id.* ¶ 7. Defendant then "grabbed" the gun from Little Darryl and chased after Rogan. *Id.* Rogan continued running and called out for people nearby to witness what was happening. *Id.* Defendant pursued Rogan to about the next block before giving up and returning to Little Darryl. *Id.* The two left with Rogan's backpack. *Id.*

¶ 10    A few minutes later, Rogan flagged down a police car, told the officers what happened, and got into the car to help find the offenders. *Id.* ¶ 8. After recovering his books from the street, Rogan saw defendant and Little Darryl and identified them to the officers. *Id.* The two fled as the officers approached, but defendant was eventually apprehended. *Id.*

¶ 11    Defendant told officers that the robbery was not his idea and provided a description of Little Darryl. *Id.* ¶ 9. Defendant directed police to the location of the backpack, but it was empty. *Id.* Rogan's medical equipment was never recovered. *Id.* Defendant presented no evidence in his defense, and the jury found him guilty. *Id.* ¶ 12.

¶ 12    At the sentencing hearing, the State asked for a sentence closer to the maximum 45-year term, whereas the defense asked for the minimum sentence of 21 years. *Id.* ¶ 14. Defendant declined to make a statement in allocution. *Id.* Defendant's presentence investigation (PSI) report indicated that he was 19 years old at the time of the offense (2011), had two prior juvenile adjudications for robbery (2008), and had been committed to the Juvenile Department of Corrections for multiple probation violations (2010). *Id.* ¶ 13. He had no employment history and dropped out of high school in 11th grade, but he was taking GED classes in jail. *Id.* Although he denied gang affiliation, police records indicated he was involved in gang activity. *Id.* Defendant described his childhood as "decent," with no abuse or neglect. *Id.* Defendant declined to discuss his version of the offense. *Id.*

¶ 13    The circuit court then discussed the various mitigating and aggravating factors. *Id.* ¶ 15. The court stated that, "after considering everything, also the lack of remorse when [defendant] had an opportunity to make that to me just now [but] did not," it was sentencing defendant to 32 years' imprisonment. *Id.* ¶¶ 15-16.  Defendant filed a motion to reconsider sentence arguing in part that the court improperly considered defendant's failure to make a statement in allocution as evidence of a lack of remorse. *Id.* ¶ 17.  The court denied defendant's motion but did not directly address the propriety of considering defendant's failure to make a statement in allocution. *Id.*

¶ 14    On appeal, defendant contended, *inter alia*, that the circuit court violated his privilege against self-incrimination by equating his refusal to make a statement in allocution with a lack of remorse. *Id.* ¶ 29.  We agreed, noting that, based upon the record, it was unclear how much weight the court placed on defendant's failure to make a statement in allocution "*vis-à-vis* the other aggravating factors it cited." *Id.*  We also observed that the court did not address this point, despite defendant having raised it in his motion to reconsider. *Id.*  We thus vacated defendant's sentence and remanded for resentencing. *Id.* ¶¶ 35, 43-44.

¶ 15    On August 2, 2019, the circuit court held a new sentencing hearing on remand.  Although no witnesses testified, the State asked the court to adopt the evidence and its arguments from the first sentencing hearing.  An updated PSI report dated October 6, 2018, indicated that defendant denied committing the offense.  The State argued that the court's original 32-year sentence was appropriate but asked for a longer sentence because defendant's denial of responsibility in the updated PSI report established his lack of remorse.  Defense counsel again argued for a 21-year sentence, noting that there was no evidence of any long-term injury to Rogan.  Defense counsel further argued that it was "ridiculous" that the gun "somehow *** was handed to [defendant]"

because there was "no reason for co-offender in this case to hand [defendant] a gun." In allocution, defendant apologized to Rogan, Rogan's family and friends, and the court.

¶ 16    Following the arguments in aggravation and mitigation, the circuit court announced its findings. The court said it reviewed its trial notes, this court's opinion, the new PSI report, the statutory aggravating and mitigating factors, counsels' arguments, and defendant's statement. The court found that the first mitigating factor, that defendant's criminal conduct neither caused nor threatened serious physical harm to another, was inapplicable. The court noted that defendant "punched the victim in the eye, causing him to go down on one knee, dazed, and then [defendant] took [the victim's] property, and then grabbed the gun from the co-defendant [Little Darryl] and chased the victim down the street." The court discussed eight additional mitigating factors and seven aggregating factors before finding that the other statutory factors did not apply.

¶ 17    After clarifying that it did not place any weight upon defendant's purported lack of remorse at the original sentencing hearing, the circuit court stated that "there were some things that were brought up today that just were not accurate in terms of the sentencing." The court noted that, contrary to the claim that Little Darryl "handed" defendant the gun, the trial testimony was that defendant "grabbed it." The circuit court further stated the following:

> "[You] didn't hit the victim once, as was said today. It was twice.
> First in the eye and then the victim fell down to one knee. He said
> he was dazed, and then you punched him again in the chest, and then
> [chased] the victim down the street, when that man did that in a
> zigzag pattern so afraid that he was going to be shot."

Finally, the circuit court stated that it was considering both defendant's age at the time of the offense and the absence of disciplinary issues while defendant was in prison, but it would not give

5

weight to an "issue" that had occurred at the Cook County Jail. The court then re-sentenced defendant to 30 years' imprisonment.

¶ 18    On August 30, 2019, defendant filed a motion to reconsider sentence, arguing that (1) his 30-year sentence was excessive, (2) the circuit court improperly considered factors in aggravation that were implicit in offense, (3) the State failed to prove that defendant was eligible for an extended-term sentence, and (4) he was penalized for exercising his right to trial. At the hearing on defendant's motion, defense counsel initially rested on his written motion, but in rebuttal noted that defendant had no adult criminal history and that the gun was never recovered. On October 25, 2019, the court denied the motion. This appeal follows.

¶ 19                                    ANALYSIS

¶ 20    On appeal, defendant presents two arguments why the circuit court erred in resentencing him to 30 years' imprisonment. First, he argues that the court erroneously commented that defendant punched Rogan in the chest during the robbery, when in fact Rogan punched defendant before fleeing. Second, he argues that the court failed to consider as mitigation "evidence of remorse," namely, that defendant led police to the stolen backpack. Defendant asks that we vacate his sentence and impose a sentence of less than 25 years, or in the alternative, to remand this cause for resentencing before a different judge. Defendant admits that he raised neither of these claims in his motion to reconsider sentence following the resentencing hearing. Nonetheless, he argues that both prongs of the plain error doctrine avoid forfeiture.

¶ 21    The plain error rule bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved error when either: (1) the evidence is close, regardless of the seriousness of the error; or (2) the error is serious, regardless of the closeness of the evidence. *People v. Herron*, 215 Ill. 2d 167, 185-87 (2005). In the context of a sentencing hearing, the doctrine requires a

defendant to show that a clear and obvious error occurred and either (1) the evidence at the hearing was closely balanced or (2) the error was so egregious that it denied the defendant a fair hearing. *People v. Hillier*, 237 Ill. 2d 539, 545 (2010)). However, before considering whether the plain-error exception applies, we first determine whether any error occurred. *Id.*

¶ 22 The circuit court has broad discretionary powers in imposing a sentence, and its sentencing decision is entitled to "great deference." *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). This deference is based upon the fact that the circuit court is in a better position to consider the relevant sentencing factors in both aggravation and mitigation. *Id.* As a result, we may not substitute our judgment for that of the circuit court merely because we would have weighed these factors differently. *Id.* Finally, it is well settled that a sentence within statutory guidelines is presumed to be proper. See *People v. Fern*, 189 Ill. 2d 48, 54 (1999) ("A sentence within statutory limits will not be deemed excessive unless it is greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense.") (citing *People v. Cabrera*, 116 Ill. 2d 474, 493-94 (1987)).

¶ 23 Even where, as here, the circuit court relies upon an improper factor in aggravation, that does not always require that we remand for resentencing. *People v. Beals*, 162 Ill. 2d 497, 509 (1994). Instead, we must remand a cause for resentencing "*only* where the reviewing court is unable to determine the weight given to an improperly considered factor." (Emphasis added.) *Id.* (citing *People v. Bourke*, 96 Ill. 2d 327, 332 (1983) (quoting *People v. Conover*, 84 Ill. 2d 400, 405 (1981))). If the weight placed upon the improper aggravating factor was insignificant and did not lead to a greater sentence, remand for resentencing is not required. *Id.* (citing *People v. Reid*, 94 Ill. 2d 88, 91 (1983)). To determine whether a sentence is improper, we may not merely focus

"on a few words or statements of the trial court"; rather, we must consider "the entire record as a whole." *People v. Ward*, 113 Ill. 2d 516, 526-27 (1986).

¶ 24    With respect to factors in mitigation, we presume the circuit court properly considered all relevant mitigating factors presented, absent some indication to the contrary other than the sentence itself. See *People v. Jones-Beard*, 2019 IL App (1st) 162005, ¶ 21; *People v. Madura*, 257 Ill. App. 3d 735, 740 (1994). In addition, the court need not recite and assign a value to every mitigating factor upon which it relies. *Id.* at 740-41. "The fact that a court expressly mentions a factor in mitigation does not mean the court ignored other factors." *People v. Burton*, 184 Ill. 2d 1, 34 (1998) (citing *People v. Burrows*, 148 Ill. 2d 196, 254-56 (1992)).

¶ 25    Whether the circuit court relied on an improper factor in imposing a sentence ultimately presents a question of law, which we review *de novo*. *People v. Abdelhadi*, 2012 IL App (2d) 111053, ¶ 8 (citing *People v. Chaney*, 379 Ill. App. 3d 524, 527 (2008)). We review whether the court failed to consider evidence in mitigation for an abuse of discretion. See *People v. Burnette*, 325 Ill. App. 3d 792, 807-09 (2001); *People v. Spencer*, 229 Ill. App. 3d 1098, 1102 (1992).

¶ 26    In this case, defendant was convicted of armed robbery while armed with a firearm, which has a sentencing range of 15 to 45 years' imprisonment. See 720 ILCS 5/18-2(b) (West 2020) (armed robbery while armed with a firearm is a Class X felony subject to a 15-year add-on to the sentence); 730 ILCS 5/5-4.5-25(a) (West 2020) (6- to 30-year sentencing range for class X felonies). We must therefore presume that this sentence is proper. See *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 12. Defendant, however, argues that the sentence is nonetheless improper because the circuit court relied upon an improper factor and purportedly failed to consider mitigating evidence.

¶ 27    With respect to the improper factor, defendant correctly points out that the circuit court erred in stating that defendant punched the victim a second time: once in the eye and again "in the chest." Instead, the victim testified at trial that, after resisting defendant's initial attempt to steal his backpack, defendant punched him in the eye, which caused him to fall to one knee, and then *the victim* punched defendant "in the sternum" and fled. Viewing the record as a whole, however, as we must (see *Ward*, 113 Ill. 2d at 526-27), it is readily apparent that the court placed insignificant weight upon this erroneous fact.

¶ 28    The transcript of the court's findings at the resentencing hearing exceeds four pages and includes a detailed discussion of the various statutory factors in mitigation and aggravation. This discussion constitutes the bulk of the court's findings. The court also discussed at some length additional mitigation: defendant's lack of "disciplinary issues" while incarcerated and defendant's youth. In addition, the court stated it would not place any weight (in aggravation) upon "the issue that had happened previously at the Cook County jail." The court also remarked—correctly—that defense counsel's characterization that codefendant "handed" defendant the gun was inconsistent with Rogan's testimony that defendant "grabbed" the gun. Nestled within these manifestly proper comments and findings was the court's isolated misapprehension as to whether defendant struck the victim once or twice before committing the armed robbery with a firearm.

¶ 29    On these facts, we are confident that the weight placed upon the improper aggravating factor was insignificant and did not lead to a greater sentence, so remand for resentencing is not required. *Beals*, 162 Ill. 2d at 509 (1994). The circuit court's erroneous statement was an insignificant part of an otherwise detailed and conscientious discussion of the various factors impacting defendant's new sentence. We note in particular that, when discussing the aggravating factors, the court correctly recounted that defendant struck Rogan once (in the eye) before taking

9

his backpack, grabbing the gun from Little Darryl, and then chasing Rogan. Since there is no error, there can be no plain error (see *Hillier*, 237 Ill. 2d at 545), and we must honor defendant's forfeiture of this issue. Defendant's claim on this point is therefore unavailing.

¶ 30    Defendant also argues that the circuit court failed to consider mitigating evidence at the resentencing hearing. Specifically, defendant notes that, at the initial sentencing hearing, the court recounted that defendant took police officers to the location of the stolen backpack, but at the resentencing hearing, the court did not make this same observation on the record. Defendant thus concludes that the court failed to consider this mitigating evidence.

¶ 31    Defendant's argument on this point is without merit. It is well established that a circuit court need not recite and assign a value to every mitigating factor upon which it relies (*Madura*, 257 Ill. App. 3d at 740), nor does the failure to expressly mention a mitigating factor (or here, reiterate that factor) conclusively establish that it ignored that factor (see *Burton*, 184 Ill. 2d at 34). The court expressly stated at the beginning of its findings that it had reviewed, *inter alia*, this court's prior opinion, which squarely stated that defendant brought officers to the location of the stolen backpack. See *Johnson*, 2018 IL App (1st) 152611-U, ¶ 9 ("[Defendant] directed [Officer] MacFarlane to 8711 South Manistee, where Rogan's backpack was on the front lawn."). Defendant provides nothing to rebut the presumption that the court considered this potential mitigating evidence. We thus reject defendant's claim.

¶ 32    In reply, defendant cites *People v. Cagle*, 277 Ill. App. 3d 29 (1996), but that case seems to undermine his contention. There, the defendant contended that the circuit court failed to accord due weight to various mitigating factors. *Id.* at 32. The court, however, rejected defendant's contention, simply noting that "the trial judge stated that he had considered the factors in aggravation and mitigation in sentencing the defendant" and that the aggravating factors

substantially outweighed "the few mitigating factors" in that case. *Id.* The court therefore held that the circuit court did not abuse its discretion. *Id.* Here, too, the circuit court stated that it had considered aggravating and mitigating factors, and we further note that the few mitigating factors were also outweighed by the aggravating factors. Finally, we find nothing in *Cagle* requiring a resentencing court to recite for the record all of the mitigating factors it had relied upon in the original sentencing hearing. *Cagle* thus fails to advance defendant's claim.

¶ 33                                    CONCLUSION

¶ 34    The circuit court did not err in in resentencing defendant to 30 years' imprisonment for armed robbery with a firearm. Accordingly, we affirm the judgment of the circuit court.

¶ 35    Affirmed.